IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL YANCY, JR., ) | | |
|     ID # 1433033, ) | | |
|         Petitioner, ) | | |
| vs. ) | No. 3:17-CV-406-G (BH) | |
| ) | | |
| LORIE DAVIS, Director, ) | Referred to U.S. Magistrate Judge | |
| Texas Department of Criminal ) | | |
| Justice, Correctional Institutions Division, ) | | |
|         Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

**I. BACKGROUND**

Carl Yancy, Jr. (Petitioner) challenges his conviction for murder. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.**     **Procedural History**

On February 16, 2006, the State of Texas indicted Petitioner for murder in Cause No. F05-40209. (Doc. 16-4 at 5-6.)[1] He pleaded not guilty and was tried before a jury in the 265th Judicial District Court of Dallas County, Texas; the jury convicted him on March 9, 2007, and he was sentenced to life imprisonment. (Doc. 16-5 at 6.) The judgment was affirmed on appeal. *See Yancy v. State*, No. 05-07-00457-CR, 2008 WL 2808931 (Tex. App. – Dallas July 28, 2008). His petition for discretionary review was refused. *Yancy v. State*, PD-1115-08 (Tex. Crim. App. Dec. 30, 2008).

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

He did not file a petition for writ of certiorari.

Petitioner's first state habeas application was signed on November 25, 2009, and received by the state court on December 16, 2009. (Doc. 17-16 at 5, 13.) It was dismissed on August 17, 2016, as non-compliant with Texas Rule of Appellate Procedure 73.1. (Doc. 17-14); *see Ex parte Yancy*, WR-85,213-01 (Tex. Crim. App. Aug. 17, 2016). His second state habeas application was signed on November 1, 2016, and received by the state court on November 9, 2016. (Doc. 17-18 at 4, 17.) It was denied without written order on January 25, 2017. (Doc. 17-17); *see Ex parte Yancy*, WR-85,213-02 (Tex. Crim. App. Jan. 25, 2017).

**B.** **Substantive Claims**

Petitioner's federal petition raises the following grounds:

(1) The state court failed to resolve issues during a five-year period;

(2) Trial counsel was ineffective for:

(a) failing to submit a jury instruction under Tex. Code Crim. Proc. art. 38.23;

(b) allowing improper sentence enhancement;

(c) failing to obtain a psychiatrist;

(d) failing to object to the testimony about residue on the victim's hands;

(3) Trial and appellate counsel were ineffective for inadequate briefing on an evidentiary issue;

(4) The evidence was insufficient to support the conviction.

(*See* doc. 3 at 6-8.) Respondent contends that the petition is barred by the statute of limitations. (*See* doc. 15.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

A.   **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final. The petition for discretionary review was refused on December 30, 2008. Because Petitioner did not file a petitioner for writ of certiorari with the United States Supreme Court, his conviction became final on March 30, 2009, when the ninety-day period for filing a petition for writ of certiorari expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)). Accordingly,

he had until March 30, 2010, to file his federal habeas petition absent any tolling of the statute of limitations.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's first state habeas application was not properly filed under § 2244(d)(2) because it was dismissed as being non-compliant with a state procedural rule, so it did not toll the limitations period. *See Davis v. Quarterman*, 342 Fed. App'x. 952, 953 (5th Cir. Aug. 27, 2009) (holding that a state writ dismissed pursuant to Tex. R. App. P. 73.1 was not "properly filed" within the meaning of § 2244(d)(1)(A)). His second state habeas application was filed after the limitations period had already expired, so he is not entitled to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period). Petitioner filed his § 2254 petition on February 6, 2017, the date that it was mailed.[2] His petition was filed after the limitations period expired and is therefore untimely.

**C.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of

---

[2]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

The state court's delay in dismissing Petitioner's first non-compliant state habeas application is not a basis for equitable tolling.[2] *See Jones v. Stephens*, 541 F. App'x 499, 503-04 (5th Cir. 2013) (petitioner not entitled to equitable tolling based on claim of untimely dismissal of state habeas application, because the failure to timely file a federal petition was due to the petitioner's own action in filing a non-compliant habeas application). Petitioner has not shown he is entitled to equitable tolling.

---

[2] Because infirmities in state habeas proceedings do not constitute grounds for federal habeas relief, *see Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997), this claim is construed as an argument for equitable tolling of the statute of limitations.

## III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED** on this 20th day of November, 2017.

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE